IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE W. MARTHERS, III, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ALBERTO GONZALES | : | NO.  05-3778 |

**MEMORANDUM OF DECISION**

THOMAS J. RUETER                                                                                         August 13, 2008
Chief United States Magistrate Judge

        Presently before the court is plaintiffs' Application for Attorney Fees, Costs and Prejudgment Interest, with an accompanying memorandum of law in support of the motion (Doc. No. 59) (the "Motion").  Defendant filed a memorandum in opposition to plaintiffs' Motion (Doc. No. 67) ("Def.'s Opp.") and plaintiffs filed a Reply Memorandum of Law in Support of their Application for Attorney Fees, Expenses and Prejudgment Interest (Doc. No. 70) ("Pls.' Reply").  For the reasons stated herein, plaintiffs' Motion is granted in part and denied in part.

**I.      BACKGROUND**

        Plaintiffs George W. Marthers, III and Jude T. McKenna, agents at the Drug Enforcement Administration ("DEA"), filed the instant action pursuant to Title VII of the Civil Rights Act of 1964, codified as amended at 42 U.S.C. § 2000e et seq. ("Title VII"), alleging that they were victims of a racially hostile environment and of retaliation.  The case was tried before a jury for seven days, from December 6, 2007 through December 14, 2007.  The jury returned a verdict in plaintiffs' favor on each claim, awarding plaintiff Marthers $3,000,000 and plaintiff McKenna $4,000,000 in compensatory damages.  See Jury Interrogatory Form (Doc. No. 54).  Defendant filed a Motion to Amend Judgment pursuant to Fed. R. Civ. P. 59(e) and 42 U.S.C. §

1981a(b)(3)(D) to reduce the compensatory damage award to each plaintiff to $300,000 (Doc. No. 58).  On January 3, 2008, the court entered an order so amending the judgment (Doc. No. 65).

Plaintiffs presently request the court to award them attorney's fees and costs in accordance with 42 U.S.C. § 2000e-5(k).[1]  Specifically, plaintiffs seek attorney's fees in the amount of $575,160.25 and costs in the amount of $45,389.68.  (Pls.' Reply at 9.)  In support of their application for attorney's fees and costs, plaintiffs submitted with their Motion an affidavit prepared by their trial counsel, Thomas G. Roth, Esquire, with accompanying exhibits.  See Affidavit of Thomas G. Roth in Support of an Award of Attorney Fees, Costs and Prejudgment Interest (hereinafter "Roth Aff.").  Plaintiffs also contend that they are entitled to prejudgment interest on their compensatory damage awards pursuant to 42 U.S.C. § 2000e-16(d).

Defendant objects to the amount of attorney's fees and costs sought by plaintiffs and argues that the total amount should be reduced.  Defendant further contends that the court should use its discretion to deny plaintiffs prejudgment interest on their compensatory damages awards.  This court shall address plaintiffs' request for attorney's fees and costs related to the trial of this matter, and for prejudgment interest.

---

[1] Plaintiffs were represented in this litigation by Thomas G. Roth, Esquire and Richard E. Kummer, Esquire.  See Roth Aff. at ¶ 2.  Attorneys Roth and Kummer also represented plaintiffs on their discrimination and retaliation claims before the Equal Employment Opportunity Commission ("EEOC").  Id.  Prior to June 2003, plaintiffs were represented on the EEOC matter by Console Law Offices LLC.  Id. at ¶ 5.

## II. DISCUSSION

### A. Attorney's Fees

Pursuant to 42 U.S.C. § 2000e-5(k), "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee . . . as part of the costs." Having prevailed on the merits, plaintiffs have the burden of demonstrating that their request for attorney's fees is reasonable. Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990). To do so, "the fee petitioner must 'submit evidence supporting the hours worked and rates claimed.'" Id. (citing Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939, 76 L. Ed.2d 40 (1983)). The party opposing the fee award then has the burden to challenge, by affidavit or brief with sufficient specificity to give fee applicants notice, the reasonableness of the requested fee. Id. (citing Bell v. United Princeton Properties, Inc., 884 F.2d 713 (3d Cir.1989)). Once the adverse party raises objections to the fee request, the district court has a great deal of discretion to adjust the fee award in light of those objections. Id.

To calculate an attorney's fee award, the court multiplies the number of hours reasonably expended on the litigation by a reasonable hourly rate. Spencer v. Wal-Mart Stores, Inc., 469 F.3d 311, 314-15 (3d Cir. 2006). The result of this computation is the lodestar. Washington v. Philadelphia County Court of Common Pleas, 89 F.3d 1031, 1035 (3d Cir. 1996). The lodestar is strongly presumed to yield a reasonable fee. Id. (citing City of Burlington v. Dague, 505 U.S. 557 (1992)). However, the court has the discretion to make certain adjustments to the lodestar. Rode, 892 F.2d at 1183.

The first step in calculating the lodestar is determining whether the number of hours expended was reasonable. Any hours that were not "reasonably expended" must be

excluded from the fee calculation. Hensley, 461 U.S. at 434. "Hours are not reasonably expended if they are excessive, redundant, or otherwise unnecessary." Rode, 892 F.2d at 1183. With respect to determining a reasonable hourly rate, the general rule is that a reasonable hourly rate is calculated according to the prevailing market rates in the community. Washington, 89 F.3d at 1035 (citing Blum v. Stenson, 465 U.S. 886, 895-96 n.11 (1984)). The prevailing party bears the burden of establishing by way of satisfactory evidence, in addition to the attorney's own affidavits, that the requested hourly rates meet this standard. Id. (internal citations and quotations omitted).

While defendant does not dispute that plaintiffs are prevailing parties entitled to an award of reasonable attorney's fees arising from the underlying litigation, defendant asserts that certain attorney's fees requested by plaintiffs are unreasonable. (Def.'s Opp. at 1.)

### 1.      Reasonableness of Hours Expended

Specifically, defendant asserts that the hours expended by Mr. Roth with respect to plaintiffs' EEOC matter while they were represented by another law firm are excessive and redundant. (Def.'s Opp. at 1-2.) According to defendant, Mr. Roth's first billing entry for plaintiff's case is February 13, 2003, when plaintiffs' counsel of record was Console Law Offices. Plaintiffs later signed a retainer agreement with Mr. Roth on June 24, 2003. (Roth Aff. at ¶ 2.) During the time period February 13, 2003 through June 2003, Mr. Roth billed 41.5 hours to plaintiffs' case, for which he requests $14,110 in fees. See Supplemental Affidavit of Thomas G. Roth in Support of Application for Attorney Fees and Costs (hereinafter "Supp. Roth Aff.") at Exhibit A, attached to Pls.' Reply. During that same time period, Console Law Offices also billed plaintiffs for their work, for which it seeks reimbursement. See Declaration of Stephen G.

Console in Support of Plaintiffs' Petition for Attorney's Fees and Costs, attached as Exhibit V to the Roth Aff. (hereinafter "Console Decl."). Defendant avers that Mr. Roth's hours billed during the time period February 13, 2003 through June 2003 are, therefore, excessive and redundant. Accordingly, defendant requests that plaintiffs' attorney's fees request be reduced by $14,110. (Def.'s Opp. at 2.)

Upon review of the information provided by plaintiffs in the Supplemental Roth Affidavit, the court is persuaded that the work performed by Mr. Roth during the time period February 13, 2003 through June 24, 2003 was not duplicative of work performed by Console Law Offices during that same period. The work performed by Mr. Roth between February 13 and May 12, 2003 pertained to plaintiffs' Suitability Review Protocols ("SRPs"), not the EEOC matter that Console Law Offices handled. (Supp. Roth Aff. at ¶¶ 4-5.) Console Law Offices did not represent plaintiffs with respect to the SRP issues. Id. Furthermore, with respect to the time period May 12 to June 24, 2003, Mr. Roth continued to represent plaintiffs with respect to the SRP issues and agreed to take over representation on plaintiffs' EEOC matters. (Supp. Roth Aff. at ¶¶ 6-12.) Mr. Roth's billing sheets during that time period demonstrate that Mr. Roth spent time reviewing plaintiffs' EEOC files and discussing the matter with his clients. (Supp. Roth Aff., Ex. A.) Moreover, Console Law Offices represented plaintiffs for approximately sixteen months, from March 2002 until June 2003, before Mr. Roth took over representation of the EEOC matter. (Console Decl. at ¶ 2.) As a result, Mr. Roth had to be brought up-to-speed on the EEOC matter prior to commencing representation of plaintiffs. Given the successful result at trial, Mr. Roth's time spent reviewing the documents and EEOC files was productive. See Planned Parenthood of Cent. New Jersey v. Attorney Gen. of the State of New Jersey, 297 F.3d

253, 271-72 (3d Cir. 2002) (affirming fee award for time spent by newly-assigned attorneys getting "up-to-speed" on the case). The court finds that the time spent by Mr. Roth reviewing the EEOC case was not wasteful or unnecessarily redundant. Accordingly, the court declines to reduce plaintiffs' attorney's fees request by $14,110.

Furthermore, the court has reviewed the affidavits of Mr. Roth, the declarations of Richard E. Kummer, Stephen G. Console, and Susan Saint-Antoine, and the time sheets reflecting counsels' time and describing the services rendered in this matter, and concludes that the number of hours expended was reasonable. <u>See</u> Roth Aff., Ex. V and Supp. Roth Aff.

**2.     Reasonableness of Hourly Rate**

In their Motion, plaintiffs request that their counsel be awarded fees at the following hourly rates:

|  | Hourly rates in 2002 | Hourly rates in 2003 |
|---|---|---|
| **The Roth Law Firm** | | |
| Thomas G. Roth | | $340 |
| Robin A. Newman | | $175 |
| **The Kummer Law Firm** | | |
| Richard E. Kummer | | $220 |
| Lesley Karczenski | | $100 |
| **Console Law Offices LLC** | | |
| Stephen G. Console | $340 | $380 |
| Susan Saint-Antoine | | $260 |
| Gianna Karapelou | $200 | $230 |
| Jenna Bates | | $90 |
| Cheryl Weaver | | $130 |

In support of these rates, plaintiffs offer the affidavit of Mr. Roth, which includes his retainer agreements with plaintiffs, see Roth Aff., Exs. A and B, the affidavits of other attorneys of similar skill and experience who routinely practice in the area of federal employment law and who charge equivalent hourly rates, see Roth Aff., Exs. C, D, E, F, G and V, and billing statements from the case, see Roth Aff., Exs. J and V.  The court has reviewed the affidavits and billing statements supplied by plaintiffs' counsel and finds the requested rates to be reasonable billing rates for federal employment-related matters in the Philadelphia and New York

metropolitan areas.[2]  Thus, plaintiffs have met their burden of establishing that the requested rates are in accordance with the prevailing market rates in the relevant communities of Philadelphia and New York/New Jersey.  Furthermore, defendant does not challenge the reasonableness of the rates requested for plaintiffs' counsel.  The court, therefore, will award attorney's fees at the requested hourly rates.  See Washington, 89 F.3d at 1036 ("Where . . . the plaintiff has met his prima facie burden under the 'community market rate' lodestar test, and the opposing party has not produced contradictory evidence, the district court may not exercise its discretion to adjust the requested rate downward.").

  B.  **Costs and Expenses Related to Litigation**

  Plaintiffs also seek to recover a total of $45,389.68 in litigation expenses.  Of this amount, $43,135.86 is attributable to the Roth Law Firm and $2,253.82 is attributable to Console Law Offices.[3]  The litigation-related costs and expenses incurred by plaintiffs' counsel include travel expenses, transcript/court reporter fees, court filing fees, printing and copying costs, expert witness fees, computerized legal research fees, and courier, telephone and postage expenses.  Such expenses may be recoverable as taxed costs under statutes that apply to all cases, even if there is no applicable fee-shifting statute.  See 28 U.S.C. § 1920 and Fed. R. Civ. P. 54(d)(1).  Other nontaxable expenses related to attorney's fees may properly be included in the attorney's fee award under a fee-shifting provision, in this case, 42 U.S.C. § 2000e-5(k).  See Abrams v. Lightolier, 50 F.3d 1204, 1224 (3d Cir.1995).  The Third Circuit has held that the types of

---

[2] Mr. Roth is an attorney licensed to practice law in the states of New York and New Jersey who maintains a litigation practice in New York and New Jersey.  (Roth Aff. at ¶¶ 1 and 15.)

[3] The Kummer Law Firm does not seek the reimbursement of any costs.

expenses available as part of a reasonable attorney's fee includes "only those litigation expenses that are incurred in order for the attorney to be able to render his or her legal services." Id. at 1225.  Expenses such as reproduction expenses, telephone expenses of the attorney, travel time and expenses of the attorney, and postage may be recovered when it is the custom of attorneys in the local community to bill their clients separately for them.  Id.  See also Becker v. ARCO Chem. Co., 15 F. Supp. 2d 621, 635 ("Successful civil rights litigants are entitled to reimbursement of 'costs' connected with litigating their claim as long as the costs are reasonably and necessarily incurred.").

As prevailing parties in this litigation, plaintiffs are entitled to an award of costs under Title VII's fee shifting provision.  However, defendant disputes plaintiffs' right to certain costs for which they seek reimbursement.  Specifically, defendant contends that the court should not award reimbursement for certain "overhead" expenses, computerized legal research and the travel costs of plaintiffs' counsel.[4]  (Def.'s Opp. at 2-4.)  The court will address the disputed costs in turn.

    1.    **Specific "Overhead" Costs**

Defendant argues that the following costs, which it characterizes as "overhead," should not be reimbursed: photocopies ($3,441.37), telephone/telefax ($1,098.25), courier fees ($1,434.42), and postage ($131.59).  (Def.'s Opp. at 2-3.)  Defendant contends that such costs are

---

[4] The court notes that the cost amounts disputed by defendant do not include those costs sought to be reimbursed by plaintiffs which were incurred by Console Law Offices.  For example, defendant argues that plaintiff should not be reimbursed $8,967.97 for computerized legal research (Def.'s Opp. at 3), but does not contest the $305.76 of computerized legal research for which Console Law Offices seeks reimbursement.  The court will award plaintiffs the full amount of costs presented for reimbursement by Console Law Offices.

closely associated with running a law firm and are generally considered a facet of attorney's fees. Id. Pursuant to the Third Circuit's finding in Abrams, each of these categories of expenses is compensable under the fee-shifting provision of Title VII if the expenses were essential to counsel's ability to render his legal services and if such expenses are typically billed to clients. See Abrams, 50 F.3d at 1225. The court finds that the expenses as described in the Roth Affidavit and the documentation supplied in support thereof is sufficient to support an award of these expenses. See Roth Aff. at ¶¶ 55, 60, 61, 63, 64 and Ex. Q. The court is satisfied that the expenses for photocopies, telephone, courier and postage were reasonably incurred during the four years that counsel spent representing plaintiffs. See Kratzer v. Wegman's Restaurant, LLP, 2005 WL 2847320, at *2-3 (E.D. Pa. Oct. 27, 2005) (awarding litigation expenses, including photocopying costs, filing fees, and travel expenses). Furthermore, the court finds that such costs are the types of costs that are typically charged to a fee-paying client and are therefore compensable. See Console Decl. (various bills for services rendered reflect charges for, inter alia, photocopies, postage, courier fees, telephone fees, computerized legal research). Accordingly, the court will include the items identified by defendant as "overhead" in plaintiffs' attorney's fee award.

        **2.**       **Computerized Legal Research**

Defendant also contends that plaintiffs should not be reimbursed $8,967.97 for the cost of computerized legal research. In support of their request for reimbursement of Westlaw charges, plaintiffs submitted over forty pages of invoices and demonstrate how the costs of the research were allocated to plaintiffs' case. See Roth Aff., Ex. K. The costs are reasonable given the length of representation and were documented sufficiently. Moreover, computerized legal

research is essential to counsel's ability to render his legal services and the costs associated therewith are typically billed to clients. Thus, the court finds that the costs incurred by plaintiffs' counsel for computerized legal research should be included as part of a reasonable attorney's fee. See Tenafly Eruv Ass'n, Inc. v. Borough of Tenafly, 195 Fed. Appx. 93, 102 (3d Cir. 2006) (not precedential) (including costs for the use of electronic databases as part of an attorney fee award under 42 U.S.C. § 1988 ); Defurio v. Elizabeth Forward School Dist., 2008 WL 2518139, at *12 (W.D. Pa. June 19, 2008) (reimbursing plaintiff for, inter alia, costs of computerized legal research); Ferczak v. Woodruff Family Services, LLP, 2007 WL 951439, at *6 (W.D. Pa. Mar. 26, 2007) (finding that expenses for computerized legal research are permitted litigation expenses under the rubric of Abrams v. Lightolier, 50 F.3d 1204, 1225 (3d Cir.1995)); Barrett v. West Chester Univ. of Pennsylvania, 2006 WL 859714, at *15 (E.D. Pa. Mar. 31, 2006) (granting Title IX plaintiff's request for reimbursement of legal research costs); Minnick v. Dollar Financial Group, Inc., 2002 WL 1023101, at *10 (E.D. Pa. May 20, 2002) (awarding costs of computerized legal research as part of attorneys fees); Murphy v. Housing Auth. and Urban Redevelopment Agency of City of Atlantic City, 158 F. Supp. 2d 438, 453 (D.N.J. 2001) (awarding out-of-pocket costs of litigation, including computerized legal research).

      **3.**      **Travel Expenses**

Defendant also contests plaintiffs' request for the reimbursement of certain travel expenses. Specifically, defendant urges the court to reject plaintiffs' request for reimbursement for: Amtrak costs ($1,080), hotels ($4,018), mileage to Philadelphia for plaintiffs' counsel ($771.88), and mileage for plaintiffs when traveling to counsel's office in New Jersey ($559.40). (Def.'s Opp. at 3.) Defendant contends that the costs of Amtrak, hotels and mileage to

Philadelphia from counsel's office in New Jersey are "presumably the type of expenses subsumed within the attorney's hourly fees." Id.

Although not taxable as costs under 28 U.S.C. § 1920, travel time and expenses of the attorney may be recovered pursuant to a fee-shifting statute as part of an attorney's fee award when it is the custom of attorneys in the local community to bill their clients separately for them. Abrams, 50 F.3d at 1225.  In the present case, plaintiffs request reimbursement of their attorney's Amtrak costs ($1,080) and hotel expenses ($4,018).  In support thereof, plaintiffs have provided receipts from the purchase of the Amtrak tickets (Roth Aff., Ex. R) and credit card and/or hotel receipts for the hotel stays (Roth Aff., Ex. O).  The court finds that such incurred costs were reasonable during the course of this litigation and plaintiffs have adequately supported their request for reimbursement of Amtrak and hotel costs.  Accordingly, the court will include an award of $1,080 for Amtrak expenses and $4,018 for hotel costs in plaintiffs' award of attorney's fees and costs.  See also Kratzer v. Wegman's Restaurant, LLP, 2005 WL 2847320, at *2-3 (E.D. Pa. Oct. 27, 2005) (awarding litigation expenses, including travel expenses); Rush v. Scott Specialty Gases, Inc., 934 F. Supp. 152, 157 (E.D. Pa.1996) (awarding travel and lodging expenses).

With respect to the mileage reimbursement request, plaintiffs request that Mr. Roth be reimbursed $771.88 for mileage costs incurred when he traveled to Philadelphia for plaintiffs' case.  In his affidavit, Mr. Roth states that he has claimed reimbursement for mileage, tolls and parking on those occasions when he drove his car related to this litigation.  (Roth Aff. at ¶ 56.)  However, plaintiffs have not provided any specific dates of the trips, receipts or other documentation for the mileage request, nor have plaintiffs provided an adequate explanation for

the actual costs incurred. Without further explanation, the court is unable to determine whether the requested amount is reasonable. Therefore, the court declines to award plaintiffs the requested $771.88 for counsel's mileage. Plaintiffs also have requested that they be reimbursed $559.40 for mileage for plaintiffs when they traveled to counsel's office in New Jersey. (Roth Aff. at ¶ 56.) The court need not reach the issue whether plaintiffs are even entitled to reimbursement for their own costs, for plaintiffs have not provided sufficient documentation to support their request. See Stover v. Riley, 30 F. Supp. 2d 501, 507 (E.D. Pa. 1998) ("Even assuming a client's expenses are allowable in an award for costs, plaintiff's documentation is insufficient to support them here."). The court, therefore, will deduct from plaintiffs' requested costs, $771.88 for Mr. Roth's mileage cost and $550.40 for plaintiffs' mileage cost.

C.     **Calculation of Attorney's Fees and Costs Award**

In accordance with the foregoing, counsel shall be awarded attorney's fees and costs in the following amounts:

|  | No. of Hours | Hourly Rate | Attorney's Fees | Costs |
|---|---|---|---|---|
| ***The Roth Law Firm*** | | | | $41,813.58[5] |
| Thomas G. Roth | 1,340.00 | $340 | $455,600.00 | |
| Robin A. Newman | 65.80 | $175 | 11,515.00 | |
| ***Kummer Law Firm*** | | | | -- |
| Richard Kummer | 198.90 | $220 | 43,758.00 | |
| Lesley Karczenski | 30.60 | $100 | 3,060.00 | |
| ***Console Law Offices LLC*[6]** | | | | 2,253.82 |
| Stephen G. Console | 11.00 | $340 | 2,493.00 | |
|  | 32.70 | $380 | 8,284.00 | |
| Susan Saint-Antoine | 183.50 | $260 | 31,807.00 | |
| Gianna Karapelou | 80.80 | $200 | 10,773.00 | |
|  | 28.20 | $230 | 4,324.00 | |
| Jenna Bates | 53.60 | $90 | 3,216.00 | |
| Cheryl Weaver | 3.50 | $130 | 303.00 | |
| **Total Attorney's Fees and Costs Awarded** | | | $575,133.00 | $44,067.40 |

---

[5]     This figure reflects a deduction of $1,322.28 ($771.88 for Mr. Roth's requested mileage cost plus $550.40 for plaintiffs' requested mileage cost) from the requested costs of $43,135.86.

[6]     Console Law Offices represented another client, in addition to plaintiffs Marthers and McKenna, in the EEOC matter. See Console Decl. at ¶ 12. As requested in their motion for attorney's fees, the attorney's fees and costs awarded to Console Law Offices have been reduced to reflect the amounts properly apportioned to plaintiffs' case, i.e., 2/3 of the incurred fees have been apportioned to plaintiffs' case.

### D.     Prejudgment Interest

Plaintiffs contend that they are entitled to receive prejudgment interest on their compensatory damage award. (Motion at 11-13.) Defendant argues that plaintiffs do not need to be awarded prejudgment interest to be fully compensated. (Def.'s Opp. at 4-6.) Furthermore, defendant argues that such an award would be inequitable because plaintiffs received the statutory maximum for compensatory damages. Id.

The decision whether to award prejudgment interest is within the sound discretion of the trial court. Robinson v. Southeastern Pennsylvania Transp. Auth., 982 F.2d 892, 898 (3d Cir. 1993). Title VII authorizes prejudgment interest as part of the back pay remedy in actions against private employers. Booker v. Taylor Milk Co., 64 F.3d 860, 868 (3d Cir. 1995). An award of prejudgment interest is compensatory in nature and is intended to make victims of discrimination whole. Id. The Third Circuit has stated that prejudgment interest should be "given in response to considerations of fairness and denied when its exaction would be inequitable." Id. (quoting Green v. USX Corp., 843 F.2d 1511, 1531 n.16 (3d Cir. 1988)). The court further directed that there is "a strong presumption in favor of awarding prejudgment interest, except where the award would result in unusual equities." Id. (citations omitted).

The court is not convinced that the equities dictate that prejudgment interest be awarded in this case. Courts in this circuit have awarded prejudgment interest on back pay awards under Title VII. See Loesch v. City of Philadelphia, 2008 WL 2557429, at *8-9 (E.D. Pa. June 25, 2008) (awarding prejudgment interest on Title VII back pay award); Becker v. ARCO Chem. Co., 15 F. Supp. 2d 621, 637-38 (E.D. Pa.1998) (awarding prejudgment interest on Title VII back pay award). As the Third Circuit explained in Booker, an award of prejudgment interest

15

"serves to compensate a plaintiff for the loss of the use of money that the plaintiff otherwise would have earned had he not been unjustly discharged." 64 F.3d at 868. However, in the case at bar, plaintiffs did not seek an award of back pay. Rather, plaintiffs presented to the jury only a claim for non-economic, compensatory damages for which they were ultimately awarded $300,000 per plaintiff.[7] If the purpose of an award of prejudgment interest is to compensate a plaintiff for the loss of use of money that he otherwise would have earned but for defendant's discrimination, that purpose is not served by awarding interest on compensatory damages. See Robinson v. Fetterman, 387 F. Supp. 2d 483, (E.D. Pa. 2005) (Bartle, J.) (finding that plaintiff who received a favorable judgment under 42 U.S.C. § 1983 was not entitled to prejudgment interest because the plaintiff was awarded only non-economic losses, i.e., compensatory and punitive damages). In the present case, plaintiffs were not awarded economic damages and, accordingly, need not receive interest in order to be made whole. See Rush v. Scott Specialty Gases, Inc., 940 F. Supp. 814, 817-18 (E.D. Pa. 1996) (awarding prejudgment interest on back pay award under Title VII, but refusing to grant prejudgment interest on compensatory damages award). See also Smith v. International Services, Inc., 1997 WL 667872, at *9 (E.D. Pa. Oct. 9, 1997) (finding that the plaintiff had been adequately compensated by jury award and that an additional award of interest would serve no "make-whole" purpose and would be inequitable); Hurley v. Atlantic City Police Dept., 933 F. Supp. 396, 430-31 (D.N.J. 1996) (finding that the plaintiff had received adequate compensation for her injuries and declining to award prejudgment

---

[7] As noted supra, the jury awarded plaintiff McKenna $4,000,000 and plaintiff Marthers $3,000,000, but this was reduced to $300,000 per plaintiff in accordance with the statutory cap on damages set forth in 42 U.S.C. § 1981a(b)(3)(D).

interest). Plaintiffs have been made whole by the compensatory damage award. Accordingly, plaintiffs' request for prejudgment interest is denied.

For the foregoing reasons, plaintiffs' motion is granted in part and denied in part. An appropriate order follows.

BY THE COURT:

/s/ TJR
THOMAS J. RUETER
Chief United States Magistrate Judge